Filed 8/6/26  P. v. Colosi CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THERESA LYNN COLOSI,<br><br>    Defendant and Appellant. | 2d Crim. No.B348188<br>(Super. Ct. No. 25CV00684)<br>(Santa Barbara County) |

Theresa Lynn Colosi appeals the trial court's order denying her claim of exemption (Code Civ. Proc. section 703.520).

On January 30, 2025, the criminal court ordered appellant to pay Cindy Hann victim restitution.  Hann sought to enforce the award by levying on funds held by the Santa Barbara Superior Court.  The court's memorandum of garnishee stated it held "interpled" funds in trust under case number 22CV04591 and would not release any funds without a court order.

Appellant filed a claim of exemption under Code of Civil Procedure, section 703.520, citing multiple statutes and the California Constitution.  She alleged the "Santa Barbara Sheriff

unlawfully seized my personal property without a warrant and must return it." Hann filed a notice of opposition to appellant's claim.

At the August 6, 2025 hearing on appellant's claim, she asserted she was specially appearing because "[s]ervice was defective." The court denied appellant's exemption claim.

DISCUSSION

Appellant contends the court lacked subject matter jurisdiction because her appeal of the victim restitution order in case number B340639 (*People v. Colosi* (Apr. 21, 2026, B340639) [nonpub. opn.].) was pending when her claim of exemption was denied.

Execution of a judgment of conviction is not stayed on appeal absent a court order. (Pen. Code, §§ 1243, 1467.) A victim restitution order is enforceable as if it were a civil judgment and in the same manner as enforcement of any other money judgment. (Pen. Code, §§ 1202.4, subd. (i), 1214, subd. (b).) There was no order staying execution of the restitution order.

Appellant also contends the court lacked personal jurisdiction because she was not given proper notice. Because appellant has failed to cite the record to support her claim, she has forfeited it. (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.)

DISPOSITION

The court's order denying appellant's claim of exemption is affirmed.

NOT TO BE PUBLISHED.


CODY, P. J.

We concur:


YEGAN, J.                    BALTODANO, J.

2

Thomas P. Anderle, Judge

Superior Court County of Santa Barbara

_____

Theresa Lynn Colosi, in Pro. Per., for Defendant and Appellant.

John T. Savrnoch, District Attorney of Santa Barbara, Aaron Thomas Higa Corey, Senior Deputy District Attorney, for Plaintiff and Respondent.